IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE BENTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARITY SERVICES, INC.,<br><br>    Defendant. | Case No. 16-cv-06583-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 22 |

Before the Court is plaintiff Joyce Benton's ("Benton") "Motion to Remand," filed December 13, 2016, by which Benton seeks remand of a complaint brought under the Fair Credit Reporting Act ("FCRA"). Defendant Clarity Services, Inc. ("Clarity") has filed opposition, to which Benton has replied. The matter came on regularly for hearing on January 20, 2017. Christian Schreiber of Chavez & Gertler LLP and James Pietz of Feinstein, Doyle, Payne & Kravec, LLC appeared on behalf of Benton. Hsiao C. Mao of Troutman Sanders LLP appeared on behalf of Clarity.

The Court, having considered the parties' respective written submissions and the arguments of counsel at the hearing, rules as follows.

1. In the First Cause of Action, Benton alleges Clarity violated two separate subsections of 15 U.S.C. § 1681b, each of which the Court addresses in turn.

    a. To the extent Benton alleges Clarity violated 15 U.S.C. § 1681b(c)(1)(B)(i) by "disclosing consumer reports to persons or entities that do not have a permissible purpose for obtaining such consumer reports" (see Compl. ¶ 85), the Court finds, for the reasons stated on the record at the hearing, that a sufficient showing as to standing has been made. In particular, the Court finds Benton's allegation that she has

1  "suffered a violation of [her] right to privacy" as a result of such allegedly wrongful
2  disclosure (see id. ¶ 87) is not a "bare procedural violation, divorced from any concrete
3  harm," see Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016), but rather one that
4  caused sufficiently concrete injury to Benton's privacy interest.  See, e.g., Hawkins v.
5  S2Verify, No. C 15-03502 WHA, 2016 WL 3999458, at *5 (N.D. Cal. July 26, 2016)
6  (holding, where plaintiff alleged violation of FCRA based on defendant's disclosure of
7  arrests older than seven years, Congress's decision to "restrict access to" such
8  information "bestowed a degree of privacy" thereon; further holding defendant, by
9  "sen[ding] restricted information about plaintiff into the world . . . caused injury to plaintiff's
10  privacy interest").

11      b.  By contrast, the Court finds, for the reasons stated on the record at the
12  hearing, that to the extent Benton alleges Clarity violated 15 U.S.C. § 1681b(e)(5)(A) by
13  failing to "administer and maintain a toll-free number that allows consumers to opt out of
14  pre-screened offers of credit and insurance" (see Compl. ¶ 84), such allegation pleads a
15  "bare procedural violation, divorced from any concrete harm," see Spokeo, 136 S. Ct. at
16  1549, and thus is insufficient to establish standing.  In particular, the Court finds Clarity's
17  provision of a notification method by mail (see Compl. ¶¶ 45-46), although not in strict
18  compliance with § 1681b(e)(5)(A), was a reasonable alternative that did not violate
19  Benton's right to "meaningfully" control the dissemination of her consumer information.
20  See, e.g., Syed v. M-I, LLC, -- F.3d --, 2017 WL 242559, at *4 (9th Cir. Jan. 20, 2017)
21  (holding defendant's use of form tying waiver of liability to applicant's authorization of
22  disclosure deprived [applicants] of their ability to meaningfully authorize . . . credit
23  check").

24      2.  As to the Second Cause of Action, in which Benton alleges Clarity violated 15
25  U.S.C. § 1681e(a) by failing to "maintain reasonable procedures designed to limit the
26  furnishing of consumers reports" (see Compl. ¶ 92), which claim is predicated on
27  Benton's allegation that Clarity violated 15 U.S.C. § 1681b(e)(5)(A) by failing to maintain
28  a toll-free number (see id. ¶ 94), the Court, for the reasons discussed above as to

§ 1681b(e)(5)(A), finds Benton's allegations are insufficient to establish standing.

3. Similarly, with respect to Benton's Third Cause of Action, in which Benton alleges Clarity violated 15 U.S.C. § 1681g by "fail[ing] to disclose the source of the information for each particular type of personal information listed in [p]laintiff's consumer file disclosure" (see Compl. ¶ 65), the Court finds, for the reasons stated on the record at the hearing, that such allegations are in the nature of a "bare procedural violation, divorced from any concrete harm," see Spokeo, 136 S. Ct. at 1549, and thus insufficient to establish standing. In particular, the Court finds where, as here, the complaint does not allege that any of the information for which the source was not provided was in any manner inaccurate and, upon the Court's inquiry at the hearing, no inaccuracy was identified, the violation is procedural, rather than concrete. See id. at 1550 (citing, as example of "bare procedural violation" consumer reporting agency's failure to provide "required notice to [third-party] user of . . . agency's consumer information," where such information "regardless [is] entirely accurate").

4. In light of the above, the Court will sever the claims for which the Court has found plaintiff lacks standing and said claims will be remanded to state court. See, e.g., Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1006 (9th Cir. 2001) (holding, where Article III standing existed as to claims against only one of two defendants, proper procedure was to sever claims for which plaintiff lacked standing; noting "[a] case that is properly removed in its entirety may nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court").

## CONCLUSION

For the reasons stated, Benton's motion to remand is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent Benton bases the First Cause of Action on the ground that Clarity violated 15 U.S.C. § 1681b(c)(1)(B) by disclosing her consumer report to entities lacking a permissible purpose, the motion is DENIED.

2. As to all other claims asserted in the complaint, the motion is GRANTED and

said claims are SEVERED and REMANDED to the Superior Court of the State of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: January 24, 2017

MAXINE M. CHESNEY
United States District Judge