IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE BENTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLARITY SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-06583-MMC<br><br>**ORDER AFFORDING PLAINTIFF OPPORTUNITY TO FILE SURREPLY; CONTINUING HEARING ON DEFENDANT'S MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE** |

　　　　Before the Court is defendant Clarity Services, Inc.'s ("Clarity") "Motion to Dismiss Plaintiff's Class Action Complaint," filed December 12, 2016.  Plaintiff Joyce Benton ("Benton") has filed opposition, to which Clarity has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court finds, for the reasons stated below, it is appropriate to afford plaintiff an opportunity to file a surreply.

　　　　In her complaint, Benton alleges Clarity violated the Fair Credit Reporting Act ("FCRA") by "disclosing consumer reports to persons or entities that did not have a permissible purpose to obtain such consumer reports, and which Clarity did not have reason to believe had a permissible purpose to obtain such consumer reports." (See Compl. ¶ 85.)  In particular, Benton alleges Clarity disclosed consumer reports to entities it had "reason to believe" were not able to "make a firm offer of credit" because, according to Benton, such entities were either "not a lender or a financial institution" or "not licensed to provide loans." (See id. ¶ 2.)

　　　　In its moving papers, Clarity seeks dismissal of said claim on the grounds that (1) "there is no allegation in the complaint that [Benton] was not made a firm offer of credit" (see Mot. at 5:26); and (2) "nowhere within the FCRA is there any requirement for federal

or state licensure" (see id. at 5:17-18). In its reply, Clarity relies, in the first instance, on new case authority in support of the above-listed two arguments and, further, includes additional arguments that (1) the FCRA does not prohibit an entity that is a "middleman" from obtaining a consumer report for a permissible purpose (see Reply at 5:3); and (2) Benton's allegation as to an impermissible purpose "turns on the existence of a deferred deposit transaction" (see id. at 7:6-12).

As the above-referenced case authority and arguments may bear on the Court's ruling on the motion, the Court will afford Benton an opportunity to file, no later than February 6, 2017, a surreply of no more than seven pages in length, addressing the above-identified case authority and arguments.

In light of the above, the hearing on the motion, currently set for February 3, 2017, is hereby CONTINUED to February 17, 2017 and the Initial Case Management Conference, currently set for February 10, 2017, is hereby CONTINUED to March 24, 2017; a Joint Case Management Statement shall be filed no later than March 17, 2017.

**IT IS SO ORDERED.**

Dated: January 27, 2017

MAXINE M. CHESNEY
United States District Judge