IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE BENTON,<br>　　　　Plaintiff,<br>　　v.<br>CLARITY SERVICES, INC.,<br>　　　　Defendant. | Case No. 16-cv-06583-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

Before the Court is defendant Clarity Services, Inc.'s ("Clarity") motion, filed December 12, 2016, to dismiss plaintiff Joyce Benton's ("Benton") complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 9, 2017, Benton filed opposition, to which Clarity, on January 16, 2017, replied, after which, on February 6, 2017, Benton, with leave of court, filed a surreply. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

The sole remaining claim in Benton's complaint is that Clarity violated the Fair Credit Reporting Act ("FCRA"), which, inter alia, sets forth the limited circumstances wherein a "consumer reporting agency," such as Clarity, "may furnish a consumer report." See 15 U.S.C. § 1681b(a),(c).[2] One "permissible purpose" is where the consumer report is furnished "in connection with any credit or insurance transaction . . . that is not initiated

---

[1] By order filed March 3, 2017, the Court took the matter under submission.

[2] Initially, Benton's complaint contained three additional claims under the FCRA, which the Court, by prior order, severed and remanded to state court for lack of subject matter jurisdiction. (See Order, filed Jan. 24, 2017.) Accordingly, the Court does not address herein Clarity's motion as to the those claims.

1  by the consumer" and "consists of a firm offer of credit or insurance," see 15 U.S.C.
2  § 1681b(c)(1), which, in turn, is defined as "any offer of credit or insurance to a consumer
3  that will be honored if the consumer is determined, based on information in a consumer
4  report on the consumer, to meet the specific criteria used to select the consumer for the
5  offer," see 15 U.S.C. § 1681a(l).

6      Here, Benton alleges that Clarity violated § 1681b by disclosing "consumer reports
7  that are purportedly for pre-screened offers," also referred to as firm offers of credit, "but
8  in fact are disclosed to unlicensed lenders – or non-lender marketers that do not have a
9  permissible purpose in obtaining consumer reports." (See Compl. ¶37).  In particular,
10 Benton alleges, Clarity disclosed her consumer report and those of other "California
11 consumers" (see id. ¶¶ 2, 38) to Red Rock Tribal Lending ("Red Rock") and TCDS
12 Mobiloans ("Mobiloans") despite the fact that Clarity "had reason to know that Red Rock
13 was merely a marketer, not a lender," and that Red Rock and Mobiloans were not
14 "licensed to provide loans to California consumers" (see id. ¶ 2).

15     By the instant motion, Clarity argues Benton's claim is subject to dismissal for
16 failure to "allege that no 'offer of credit or insurance' was made to her, or that the offer
17 was not honored once made." (See Mot. at 5:24-25.)  As set forth below, the Court is not
18 persuaded.

19     First, assuming, arguendo, a plaintiff asserting a claim under § 1681b(c)(1) is
20 required to plead such facts, Benton has, in effect, done so.  In particular, Benton's
21 allegation that neither Red Rock nor Mobiloans "was capable of making a firm offer of
22 credit to any California resident" (see Compl. ¶¶ 63-64) gives rise to a reasonable
23 inference that neither entity made the requisite offer, or, if an offer was made, it
24 nonetheless was invalid.

25     Next, to the extent Clarity suggests the relevant entity for purposes of a firm offer
26 is not Red Rock or Mobiloans but, rather, an end user for which those entities were acting
27 as "middlemen" (see Reply at 4:10-5:19), such argument likewise fails.  As Benton points
28 out, her complaint alleges that "Red Rock and Mobiloans were the only 'users' of [her]

1  consumer reports (according to the file disclosed by Clarity)" (see Surreply, at 2:1-2),
2  and, consequently, Clarity's assertion that Red Rock and Mobiloans were acting as
3  middlemen, while potentially a factual defense for resolution at a later stage of the case,
4  is not appropriate for consideration at this time.  See Hal Roach Studios, Inc. v. Richard
5  Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) ("Generally, a district court may
6  not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

7  Lastly, to the extent Clarity contends the complaint is deficient because Benton is
8  relying on the licensing requirements for deferred deposit transactions but has "not
9  include[d] any allegations that the loan at issue was a deferred deposit transaction" (see
10 Reply at 7:11-12), the Court again disagrees.  As Benton points out, her claim, as
11 pleaded in her complaint, is based, without any limitation as to the type of loan in
12 question, on an allegation that Red Rock and Mobiloans are not "licensed to do business
13 in California" or "make loans in California." (See Compl. ¶ 40); see also Cal. Fin. Code §
14 22100(a) (providing "[n]o person shall engage in the business of a finance lender or
15 broker without obtaining a license from the commissioner"); Cal. Fin. Code § 22009
16 (defining "finance lender" as "any person who is engaged in the business of making
17 consumer loans or making commercial loans").

## CONCLUSION

For the reasons stated above, Clarity's motion to dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 10, 2017

MAXINE M. CHESNEY
United States District Judge