1  CHAVEZ & GERTLER LLP
   Mark A. Chavez (SBN 90858)
2  Christian Schreiber (SBN 245597)
   42 Miller Avenue
3  Mill Valley, California 94941
   Telephone:   (415) 381-5599
4  Facsimile:   (415) 381-5572
   mark@chavezgertler.com
5  christian@chavezgertler.com

6  *Additional Counsel Listed on Signature Page*

7  *Attorneys for Plaintiff and the Proposed Classes*

8

9  MARK C. MAO (SBN 236165)
   mark.mao@troutmansanders.com
10 SHEILA M. PHAM (SBN 293673)
   sheila.pham@troutmansanders.com
11 TROUTMAN SANDERS LLP
   580 California Street, Suite 1100
12 San Francisco, California  94104
   Telephone:   (415) 447-5700
13 Facsimile:   (415) 447-5710

14 *Additional Counsel listed on Signature Page*

15 *Attorneys for Defendant Clarity Services, Inc.*

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                        SAN FRANCISCO DIVISION

20  JOYCE BENTON,                         ) Case No. 3:16-CV-06583-MMC
                                          )
21              Plaintiff,                ) **STIPULATED PROTECTIVE ORDER**
                                          ) **RE: CONFIDENTIAL INFORMATION**
22  v.                                    )
                                          )
23  CLARITY SERVICES, INC., and DOES 1    ) Hon. Maxine M. Chesney
    through 50, inclusive,                )
24                                        )
                                          )
25              Defendants.               )
                                          )
26                                        )
    _____)
27

28

WHEREAS the parties in the action entitled *Benton v. Clarity Services, Inc.* pending in the United States District Court, Northern District of California, Case No. 3:16-cv-06583-MMC ("the Litigation"), anticipate that during the course of the Litigation documents and/or information of a sensitive, private and confidential nature may be produced in the course of discovery or otherwise disclosed or provided, and the parties wish to protect the confidentiality of such documents or information while ensuring that discovery may be pursued with a minimum of delay and expense;

THEREFORE the following parties, Plaintiff Joyce Benton ("Plaintiff") and Defendant Clarity Services, Inc. ("Defendant") (hereafter "Party or Parties") hereby stipulate and agree to the following proposed Protective Order Re: Confidential Information ("Protective Order"), subject to court approval:

**1. SCOPE OF PROTECTIVE ORDER**

a) The protection of this Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "materials") produced or created in this action that contain Confidential Information. As used herein, the term "Confidential Information" includes testimony and records, including but not limited to discovery responses, whether hardcopy or electronic, that contain confidential and/or proprietary trade secret information, including, but not limited to, technical and competitively-sensitive information protected by law, and information protected by California's constitution and common law right to privacy. As set forth below, materials containing Confidential Information may be designated as "Confidential." Such designation may be made by any Party or non-party producing materials in this action ("Producing Party"), or may be made by a Party who determines, in good faith, that materials produced by a non-party contain "Confidential" information ("Designating Party") even though not so designated by the Producing Party.

b) In the event that additional Parties join or are joined in this litigation, they shall not have access to materials designated as "Confidential" pursuant to this Protective Order until they have executed and, at the request of any Party, filed with the court their agreement to be bound by this Protective Order.

## 2. DESIGNATION OF MATERIALS AS CONFIDENTIAL

a) "Confidential" materials shall include only such information as the Producing or Designating Party in good faith contends should be protected pursuant to this Protective Order on the grounds that the information is properly subject to protection under existing California or federal law. Indiscriminate or routinized designations are prohibited.

b) In making the designation of materials pursuant to this Protective Order, the Producing or Designating Party shall give due consideration to whether the information contained in the materials (1) has been produced, disclosed or made available to the public in the past, (2) has been published, communicated or disseminated to others not obligated to maintain the confidentiality of the information contained therein, (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality, or (4) is available from a third party or commercial source that is not obligated to maintain its confidentiality or privacy. The Producing or Designating Party shall also give due consideration to the age of the materials.

c) The protection of this Protective Order may be invoked with respect to materials in the following manner:

   i. Documents when produced or otherwise designated shall bear the clear and legible designation "Confidential" on each page of the document, except that in the case of multi-page documents bound together by staple or other permanent binding, the "Confidential" legend need only be affixed to the first page in order for the entire document to be treated as "Confidential." Documents produced prior to the entry of this Protective Order may be designated as "Confidential" within thirty (30) days after entry, and documents produced by non-parties may be designated "Confidential" by a Party within thirty (30) days after such production.

   ii. As to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains 'Confidential' Material";

    iii. As to deposition testimony, "Confidential" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. All deposition testimony shall be treated as "Confidential" pending receipt of a transcript of the deposition.

  d) If any Producing Party inadvertently produces or discloses any "Confidential" information without marking it with an appropriate legend, the Producing Party or a Designating Party shall promptly notify the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

### 3. CHALLENGES TO "CONFIDENTIAL" DESIGNATION

  a) Any Party believing materials designated as "Confidential" by another is not entitled to such designation shall notify the Producing or Designating Party of that belief in writing, provide a brief statement of the basis for that belief with service on all other Parties, and allow ten (10) days for the Producing or Designating Party to respond.

  b) If a Producing or Designating Party does not modify its designation of the materials in response to a notice pursuant to paragraph 3(a) of this Protective Order, then the Party objecting to the "Confidential" designation may move the court for an order to remove such designation. To maintain "Confidential" status, the burden shall be on the proponent of confidentiality to show that the material or information is entitled to protection under applicable law. Unless and until a "Confidential" designation is voluntarily withdrawn by the Producing or Designating party, or the court issues an order modifying or removing such designation, the provisions of the Protective Order shall continue to apply.

## 4. DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL

a) Materials designated "Confidential," as well as summaries, excerpts and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order. Materials designated "Confidential" shall be used solely in the preparation for trial and/or trial of the Litigation, and shall not be used at any time for any other purpose.

b) Materials designated as "Confidential" may be disclosed only to:

   i. The court, its clerks and research attorneys;

   ii. Attorneys actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

   iii. In-house attorneys employed by any Party and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

   iv. The Parties, officers and employees of the Parties assisting counsel in the preparation of the case for trial, motion practice or appellate proceedings, provided that the materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

   v. Any expert or consultant who is retained by any of the Parties or their counsel of record to assist counsel in the Litigation, and any employee of such an expert assisting in the Litigation (hereafter, "Experts");

   vi. Any person called to testify as a witness either at a deposition or court proceeding in the Litigation, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order

and are required not to disclose information contained in the materials designated as "Confidential";

  vii. Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

  viii. Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms;

  ix. Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

  x. Any person who created a document or was the recipient thereof.

 c) Each person to whom "Confidential" materials are disclosed (other than persons described in paragraphs 4(b)(i), (vii), and (viii)) shall execute a non-disclosure agreement in the form attached hereto as Exhibit A prior to their receipt of the Confidential materials, and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this court for the purposes of enforcement, except that individuals identified in paragraphs 4(b)(ii), (iii), (iv), and (x) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of the Protective Order and they agree to be bound thereby. Counsel disclosing "Confidential" materials to persons required to execute non-disclosure agreements shall retain all such executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing party if the court so orders upon a showing of good cause.

**5. USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS**

 a) Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Confidential Information, provided that reasonable notice of the intended use of such material shall be given to all counsel

of record in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

b) Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Similarly, a Designating Party must comply with Civil Local Rule 79-5(e) with respect to the filing of documents designated as Confidential pursuant to this Order. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**6. MODIFICATION**

Nothing in this Protective Order shall preclude any Party from applying to the court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Protective Order for good cause shown. In the event that documents or information that warrant heightened protection as for "Attorney's Eyes Only" are requested to be produced, the Parties agree to negotiate in good faith to modify this Protective Order to provide for such protection.

**7. DISPOSITION OF MATERIALS AT CONCLUSION OF CASE**

All materials designated as "Confidential" shall remain in the possession of the counsel of record of the Party to whom such materials are produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of persons to whom disclosure may be made under paragraph 4(b) of this Protective Order, or for

the purpose of submission to the court under paragraph 5 of this Protective Order. Within sixty (60) days after this action is concluded, including the expiration or exhaustion of all rights to appeal, the Designating Party may request the Receiving Party (a) return all documents and copies containing "Confidential" materials (including, but not limited to, copies in the possession or control of any expert or employee) to the Producing Party, except any copies required to be retained under applicable Rules of Professional Conduct; or (b) promptly destroy all such materials and copies. The Receiving Party shall confirm, in writing, that she or it has returned or destroyed all applicable documents in accordance with this Order.

## 8. RETENTION OF JURISDICTION

The Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out its terms.

## 9. MISCELLANEOUS ITEMS

Nothing herein shall affect or restrict the rights of any party to use its own documents or information or to use information or documents obtained or developed independently of materials afforded Confidential treatment pursuant to this Order.

Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiff and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

Furnishing of consumer report information regarding Plaintiff or the putative class members to persons identified in Paragraph 4 of this Order for the purposes of litigating this case is authorized by this Order pursuant to 15 U.S.C. § 1681b(a)(1).

///
///
///
///
///
///

| | | |
|---|---|---|
| DATED: April 14, 2017 | | CHAVEZ & GERTLER LLP |
| | | FEINSTEIN DOYLE PAYNE & KRAVEC, LLC |
| | By: | */s/ Christian Schreiber*<br>Christian Schreiber |
| DATED: April 14, 2017 | | TROUTMAN SANDERS LLP |
| | By: | */s/ David M. Gettings*<br>David M. Gettings |

*Additional Counsel for Plaintiff:*

FEINSTEIN DOYLE PAYNE & KRAVEC, LLC
James M. Pietz (to be admitted pro hac vice)
Gregory A. Murray (to be admitted pro hac vice)
429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone:   412-281-8400
jpietz@fdpklaw.com
gmurray@fdpklaw.com

*Additional Counsel for Defendant:*

RONALD I. RAETHER, JR. (SBN 303118)
ronald.raether@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:    (949) 622.2700

DAVID M. GETTINGS (*Admitted Pro Hac Vice*)
david.gettings@troutmansanders.com
TROUTMAN SANDERS LLP
222 Central Park Avenue Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687.7500

## **ATTESTATION OF FILER**

Pursuant to L.R. 5-1(i)(3), the undersigned hereby attests that all parties have concurred in the filing of this stipulation.

*/s/ David M. Gettings*
David M. Gettings

[PROPOSED] PROTECTIVE ORDER
30661122

# **ORDER**

WHEREAS the parties have entered into a Stipulation for Protective Order re: Confidential Information ("Protective Order"), and good cause appearing therefore, the Court HEREBY makes the Stipulation the Order of the Court.

**IT IS SO ORDERED.**

DATE: April 17, 2017

_____
Honorable Maxine M. Chesney
United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Northern District of California on _____, 2017 in the case of *Benton v. Clarity Services, Inc.*, Case No. 3:16-cv-06583-MMC and the Stipulated Protective Order issued by the Superior Court for the County of Alameda on _____, 2017 in the case of *Benton v. Clarity Services, Inc.*, Case No. RG16833457. I agree to comply with and to be bound by all the terms of these Stipulated Protective Orders and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to these Stipulated Protective Orders to any person or entity except in strict compliance with the provisions of these Orders.

    I further agree to submit to the jurisdiction of the appropriate court for the purpose of enforcing the terms of either Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

[PROPOSED] PROTECTIVE ORDER
30661122